**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| QWIKCASH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BLACKHAWK NETWORK HOLDINGS, INC., BLACKHAWK NETWORK, INC., and BLACKHAWK NETWORK CALIFORNIA, INC.,<br><br>Defendants. | Civil Action No. 4:19-cv-876<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Qwikcash, LLC ("Qwikcash"), by and through its attorneys, complains of Defendants, Blackhawk Network Holdings, Inc. ("Blackhawk Holdings"), Blackhawk Network, Inc. ("Blackhawk Network"), and Blackhawk Network California, Inc. ("Blackhawk California") (Blackhawk Holdings, Blackhawk Network, and Blackhawk California are hereinafter collectively referred to as "Blackhawk" or "Defendants"), as follows:

**NATURE OF THE ACTION**

1.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and is brought by Qwikcash against Blackhawk for Blackhawk's infringement of U.S. Patent No. 8,714,445 ("the '445 patent"), entitled "Secured and Unsecured Cash Transfer System and Method." A copy of the '445 patent is attached as Exhibit A.

**THE PARTIES**

2.      Qwikcash is a limited liability company organized under the laws of the State of Florida with a place of business at 8185 Via Ancho Road, Suite 8880107, Boca Raton, Florida 33433. Qwikcash is in the business of, among other things, the creation, design, and development

1

of systems that transmit funds electronically between individuals, organizations, corporations, and groups of people.

3.      Blackhawk Holdings is registered to do business in the state of Texas with Texas Taxpayer Number 32056802286. Blackhawk Holdings is a corporation organized under the laws of the State of Delaware. Blackhawk Holdings is in the business of, among other things, the marketing, development, and sale of gift and reward cards.

4.      Blackhawk California is registered to do business in the state of Texas with Texas Taxpayer Number 32042048879. Blackhawk California is a corporation organized under the laws of the State of California. Blackhawk California is a subsidiary of Blackhawk Holdings and is also in the business of, among other things, the marketing, development, and sale of gift and reward cards.

5.      Blackhawk Network is registered to do business in the state of Texas with Texas Taxpayer Number 19121986475. Blackhawk Network is a corporation organized under the laws of the State of Arizona. Blackhawk Network is a subsidiary of Blackhawk Holdings and is also in the business of, among other things, the marketing, development, and sale of gift and reward cards.

## JURISDICTION AND VENUE

6.      This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

7.      The Court has personal jurisdiction over Blackhawk because each Blackhawk entity has, as discussed in greater detail below, committed acts of patent infringement in this judicial district.

8.      Blackhawk has a regular and established place of business in this judicial district at 700 State Highway 121 Bypass, Suite 200 Lewisville, Texas 75067 (the "Lewisville, Texas Office").

9.      Blackhawk lists its Lewisville, Texas Office as a point of contact on its webpage. (*See* www.blackhawknetwork.com/contact-us/.)

10.     On October 4, 2019, Blackhawk was recruiting for nine positions at its Lewisville, Texas Office. (Exhibit B (Linkedin.com screenshot).) Of the nine positions advertised, the Accounts Manager II, Client Integration Specialist, Configuration Analyst, and Product Support Tech III positions specified that these are not traveling positions and require "travel less than 5% of [the] time." (Exhibit C.)

11.     Blackhawk has over 100 employees currently employed at, or in the vicinity of, the Lewisville, Texas Office. (Exhibit D.) An exterior image showing "Blackhawk Network" prominently displayed in large permanent letters on the Lewisville, Texas Office was taken in January 2019 by Google. (Exhibit E.)

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). *See, e.g., In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).

## THE PATENT-IN-SUIT

13.     The United States Patent and Trademark Office ("USPTO") duly and legally issued the '445 patent on May 6, 2014. The '445 patent was filed with the USPTO on July 28, 2012 and claims priority to U.S. Provisional Patent Application 61/574,288 that was filed on July 29, 2011.

14.     Qwikcash owns, is the assignee of, and has standing to sue for infringement of the '445 patent. Howard Katz, an inventor of the '445 patent, is the manager of Qwikcash. A copy of

the written instrument assigning rights in and to the '445 patent to Qwikcash has been recorded in the USPTO.

## INFRINGEMENT OF U.S. PATENT NO. 8,714,445

15.     Qwikcash repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

16.     Blackhawk has infringed and continues to infringe the '445 patent by, at least, making, using, offering for sale, and selling throughout the United States, including within this judicial district, its reward cards which are "Branded Reward Cards" that allow companies to "get the custom reward Visa & Mastercard that's right for your incentive program." The Blackhawk website on which this information was published was previously located at www.omnicard.com. Blackhawk's website, https://www.giftcards.com/reward-cards-old/for-business, also includes the following image of its reward cards:



17.     At least Blackhawk's Samsung-branded reward card infringes the '445 patent. The Samsung-branded reward card and other similarly designed branded reward cards are hereinafter collectively referred to as the "Accused Products."

18.     Blackhawk has infringed and continues to infringe at least claim 17 of the '445 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without

limitation, making, using, offering for sale, and selling the Accused Products in this judicial district and throughout the United States. The Accused Products contain each and every element of at least claim 17 of the '445 patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

19.     Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed preliminary and final infringement contentions Qwikcash will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 3-1, 3-6), the Accused Products infringe at least claim 17 of the '445 patent as set forth in paragraphs 20 through 36 below:

20.     The Accused Products are specifically designed for use in a method of conveying monetary value between at least two parties.

21.     The Accused Products are reward cards that are requested to be issued in specific amounts, such as $10 for the Samsung-branded reward card.

22.     A requester of the Accused Products provides payment in the amount of the reward card. In the example of the Samsung-branded reward card, Samsung pays at least $10 for the $10 Samsung-branded reward card.

23.     As shown below, Blackhawk requests personal identification numbers ("PIN") for the Accused Products by stating "Enter Desired 4-digit PIN" on its website www.giftcards.com/pin.



24.     The requester of the Accused Products supplies the recipients of the reward cards with alpha-numeric PINs in the form of the last four digits of the card numbers.



25.     Blackhawk issues the Accused Products to the requestor.

26.     The Accused Products include magnetic strips that are machine scannable and have globally unique identifiers ("GUID").

27.     The GUIDs of the Accused Products correspond to the total amount of monetary value associated with the Accused Products.

28.     The Accused Products include textual references, such as "$10 Reward Card," that denote the monetary value.

29.     The Accused Products also include a textual reference to the PIN, such as 9010 in the example below.



30.     Blackhawk associates the PINs of the Accused Products with the GUIDs during an activation process.

31.     Blackhawk causes the Accused Products to be sent to the requesters.

32.     The requesters distribute the Accused Products to the recipients.

33.     The recipients verify that the Accused Products are activated by transmitting the PIN and GUID. The recipients may transmit the PIN and GUID via merchants.



34.     The recipients of the Accused Products receive a reply confirming or denying the GUID of the branded reward card is active and available for a financial transaction.

35.     The recipients of the Accused Products communicate with Blackhawk to change the original PIN to a new PIN.



36.     Blackhawk associates the new PINs with the GUIDs of the Accused Products and their associated monetary values.

37.     Blackhawk has also indirectly infringed and continues to indirectly infringe at least claim 17 of the '445 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of that claim. Blackhawk has knowingly and actively induced infringement of the '445 patent through the foregoing activities including, without limitation, making, offering to sell, and selling the Accused Products in the United States, and by instructing, aiding, assisting, and encouraging the offer for sale, sale, and use of the Accused Products in a manner that infringes the '445 patent. The direct infringers that are being induced by Blackhawk include, without limitation, the purchasers of the Accused Products and the end-users who receive the Accused Products from the purchasers in the United States.

38.     Blackhawk has infringed at least claim 17 of the '445 patent within the meaning of 35 U.S.C. § 271(b) by inducing others, such as Samsung, to purchase the Accused Products, and end-users to redeem the monetary value associated with the Accused Products.

39.     Blackhawk has also indirectly infringed and continues to indirectly infringe claims of the '445 patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other

things, importing, offering for sale, and selling the Accused Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Accused Products which constitute a material part of the patented invention of the '445 patent, which Blackhawk knew are especially made or adapted for use in an infringement of the '445 patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Blackhawk's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the purchasers, such as Samsung, of Blackhawk's Accused Products and the end-users who redeem the monetary value associated with the Accused Products.

40.     Blackhawk has contributorily infringed at least claim 17 of the '445 patent within the meaning of 35 U.S.C. § 271(c) by inducing others, such as Samsung, to purchase the Accused Products, and end-users to redeem the monetary value associated with the Accused Products.

41.     Qwikcash has complied with 35 U.S.C. § 287 to the extent required by law.

42.     Qwikcash notified Blackhawk of the '445 patent and Blackhawk's infringement of the same at least as early as February 8, 2019. Notwithstanding, Blackhawk's infringement has persisted. Accordingly, Blackhawk's ongoing infringement of the '445 patent has been willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Qwikcash respectfully asks this Court to enter judgment against Blackhawk, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Blackhawk, granting the following relief:

A.     The entry of judgment in favor of Qwikcash and against Blackhawk;

        B.     An award of damages adequate to compensate Qwikcash for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

        C.     Such other relief that Qwikcash is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

### Jury Demand

Qwikcash demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: November 26, 2019

/s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr. (IL Bar No. 6207468)
Matthew G. McAndrews (IL Bar No. 6229799)
Kyle D. Wallenberg (IL Bar No. 6314218)
NIRO McANDREWS, LLP
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Qwikcash, LLC